**COMMONWEALTH OF KENTUCKY PERSONNEL BOARD,**
Appellant,

v.

**Wyatt L. GREGORY and Commonwealth of Kentucky Revenue Cabinet,**
Appellees.

No. 92–CA–423–MR.

Court of Appeals of Kentucky.

Feb. 12, 1993.

As Modified on Denial of Rehearing; Case Ordered Published May 14, 1993.

Discretionary Review Denied By Supreme Court Dec. 15, 1993.

Steven G. Bolton, Personnel Bd., Frankfort, for appellant.

J. Scott Getsinger, Versailles, for appellee, Gregory.

Celia M. Dunlap, Revenue Cabinet, Frankfort, for appellee, Revenue Cabinet.

Before LESTER, C.J., and SCHRODER and STUMBO, JJ.

LESTER, Chief Judge.

This is an appeal from a judgment of the Franklin Circuit Court which reversed an order of the Personnel Board sustaining the appeal of Wyatt L. Gregory and remanded the case to the Board for an order incorporating the terms of an agreement entered into between Gregory and the Revenue Cabinet.

Gregory was employed by the Revenue Cabinet as a Tax Examiner. It is his position that he was eligible for reclassification as a Tax Examiner Senior as of March 1, 1988. For reasons not apparent in the record, he was not so reclassified and filed a grievance which was subsequently appealed to the Personnel Board. On October 3, 1989, Gregory and the Cabinet entered into an agreement agreeing that Gregory had been eligible for reclassification as of March 1, 1988, and authorizing back pay and subsequent annual increments as if he had been reclassified on that date. The Board refused to ratify the agreement but sustained Gregory's appeal,

> to the extent that the Revenue Cabinet be directed to immediately submit the necessary supporting documentation and personnel actions (P–1's) to the Department of Personnel for the purpose of having the Department determine whether Appellant met minimum requirements for reclassification from Tax Examiner to Tax Examiner Senior effective December 16, 1988.

The Board further ordered,

> That, if the Department of Personnel determines Appellant met the minimum requirements that the Department approve and process the reclassification of Appellant from Tax Examiner to Tax Examiner Senior effective December 16, 1988 and that he otherwise be made whole.

Gregory then appealed to the Franklin Circuit Court which remanded the case to the Board for an order making Gregory whole.

■ The Board contends that only the Commissioner of Personnel has the authority to reclassify a position and they are powerless to ratify an agreement, such as the one entered into here, authorizing reclassification and corresponding benefits. Gregory relies on KRS 18A.095(23)(b), which provides:

> If the board finds that the action complained of was taken without just cause,

the board shall order the immediate reinstatement of the employee to his former position or a position of like status and pay, without loss of pay for the period of his penalization, or otherwise make the employee whole[.]

There is nothing in the record to establish whether the action complained of was taken without just cause. There is nothing beyond the bare statement in the agreement to show that Gregory in fact meets the minimum requirements for reclassification. Thus the Board cannot make a finding under KRS 18A.095(23)(b) upon which it could order Gregory made whole. The Cabinet in its brief concedes:

> When it entered the agreement with Mr. Gregory, it was understood that his paperwork would be sent to the Department of Personnel for approval, in accordance with KRS 18A.030.

Other than the date of effectiveness, the order of the Board essentially achieves the intent of the parties for it directs the matter to the Department of Personnel for approval. Upon action by the Department, Gregory either will achieve his object or may appeal that action to the Board. KRS 18A.075. Based on the lack of evidence in the record, the order of the circuit court to accept the agreement is clearly erroneous.

■ The Board goes on to argue that it cannot grant relief, and the Commissioner cannot authorize payments or retroactive appointment more than thirty days prior to the date upon which their jurisdiction is involved. This argument is based on KRS 18A.095 which limits an employee's appeal rights to a filing within thirty days of the alleged penalization and is the rationale behind the December 16, 1988, date in the Board order. The Board goes on to state that it considers improper classification an ongoing penalization and, therefore, does not deny jurisdiction. If it accepts jurisdiction, it is to "make the employee whole," which cannot be done if retroactive benefits are so limited. The Board's policy argument that to allow a greater amount of back pay and subsequent annual increments would be to give unfettered power with enormous potential for abuse is not persuasive. Benefits can only be granted from the date of eligibility, in this

case March 1, 1988, and if in some instances the improper classification has been for a longer period then it is only equitable that benefits be granted accordingly. Such action would still be subject to the oversight of the Department of Personnel and does not amount to a "Pandora's Box." Finding no support for the limitation of benefits to a thirty-day period of retroactivity, that portion of the Board's order amounts to an abuse of discretion.

The judgment of the Franklin Circuit Court is reversed. This case is remanded to the Personnel Board for further proceedings consistent with the opinion expressed herein.

All concur.